| Fill in this information to identify your case: | |
|---|---|
| Debtor 1: William A. Driscoll, Jr. | |
| Debtor 2: Nicole M. Driscoll | |
| **United States Bankruptcy Court for Western District of Pennsylvania** | /__/ check if this is an amended plan, and list section of the plan that have been changed: |
| Case No: 18-24397 CMB | Sections amended_____ |

Western District of Pennsylvania

# Chapter 13 Plan Dated: December 3, 2018

To Debtors:   This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules and judicial rulings may not be confirmable. The terms of this plan control unless otherwise ordered by the court.

*In the following notice to creditors, you must check each box that applies.*

To Creditors:   **YOUR RIGHTS MAY BE AFFECTED BY THIS PLAN. YOUR CLAIM MAY BE REDUCED, MODIFIED, OR ELIMINATED.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

*IF YOU OPPOSE THIS PLAN'S TREATMENT OF YOUR CLAIM OR ANY PROVISION OF THIS PLAN, YOU OR YOUR ATTORNEY MUST FILE AN OBJECTION TO CONFIRMATION AT LEAST SEVEN (7) DAYS BEFORE THE DATE SET FOR THE CONFIRMATION HEARING, UNLESS OTHERWISE ORDERED BY THE COURT. THE COURT MAY CONFIRM THIS PLAN WITHOUT FURTHER NOTICE IF NO OBJECTION TO CONFIRMATION IS FILED. SEE BANKRUPTCY RULE 3015. IN ADDITION, YOU MAY NEED TO FILE A TIMELY PROOF OF CLAIM IN ORDER TO BE PAID UNDER ANY PLAN.*

The following matters may be of particular importance. **Debtor(s) must check one box on each line to state whether the plan includes each of the following items. If the "Included" box is unchecked or if both boxes are checked on each line, the provision will be ineffective if set out later in the plan.**

| 1.1 | A limit on the amount of any claim or arrearages set out in Part 3, which may result in a partial payment or no payment to the secured creditor (a separate action will be required to effectuate such limit) | /__/ Included | /_X_/ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 (a separate action will be required to effectuate such limit) | /__/ Included | /_X_/ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 9 | /__/ Included | /_X_/ Not Included |

**Part 2:   Plan Payments and Length of Plan**

**2.1 Debtor(s) will make regular payments to the trustee:**

Total amount of $3,433 per month for a remaining plan term of 60 months shall be paid to the trustee from future earnings as follows:

| Payments | By Income Attachment | Directly by Debtor | By Automated Bank Transfer |
|---|---|---|---|
| D#1 | $3,433 | $_____ | $_____ |
| D#2 | $_____ | $_____ | $_____ |

(Income attachments must be used by debtors having attachable income)   (SSA direct deposit recipients only)

**2.2 Additional payments:**

___ **Unpaid Filing Fees.** The balance of $310 shall be fully paid by the Trustee to the Clerk of the Bankruptcy Court from the first available funds.

Check one.

If "None" is checked, the rest of Section 2.2 need not be completed or reproduced.

| | **Debtor(s) may make periodic lump sum payments from earnings to fund mortgage payment increases.** |
|---|---|

**Part 3:** **Treatment of Secured Claims**

| /__/ None | If "None" is checked, the rest of Section 3.1 need not be completed or reproduced |
|---|---|
| /X/ | The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed by the trustee. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, without interest. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. |

| Name of Creditor | Collateral | Current installment payment (including escrow) | Amount of Arrears (if any) | Start Date (MM/YYYY) |
|---|---|---|---|---|
| Pennymac Loan Serv. | Residence | 1,727.00 | 17,000.00 | 12/09/2018 |
| Bayview Loan Serv. | Rental | 489.61 | 1,200.00 | 12/09/2018 |

**3.2    Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

**Check one**

| /X/ None | If "None" is checked, the rest of Section 3.2 need not be completed or reproduced. ***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*** |
|---|---|

**3.3 Secured claims excluded from 11 U.S.C. § 506.**

**Check one.**

| /__None | If "None" is checked, the rest of Section 3.3 need not be completed or reproduced. |
|---|---|
| /X/ | The claims listed below were either: <br><br> (1)    Incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for personal use of the debtor(s), or <br><br> (2)    Incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value. These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed by the trustee. |

| Name of creditor | Collateral | Amount of claim | Interest rate | Monthly payment to creditor |
|---|---|---|---|---|
| Allegent Com. F.C.U. | Jayco camper | 8,639.00 | 4.5 | 161.06 |

**3.4    Lien Avoidance**
Check one

| /X None | If "None" is checked, the rest of Section 3.4 need not be completed or reproduced. ***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*** |
|---|---|

**3.5    Surrender of Collateral**
Check one

| /_X_/ None | If "None" is checked, the rest of Section 3.5 need not be completed or reproduced |
|---|---|

**3.6 Secured tax claims.**

| Name of taxing authority | Total amount of claim | Type of tax | Interest rate* | Identifying number(s) if collateral is real estate | Tax periods |
|---|---|---|---|---|---|
| None. | | | | | |

\* The secured tax claims of the Internal Revenue Service, Commonwealth of Pennsylvania and any other tax claimants shall bear interest at the statutory rate in effect as of the date of confirmation.

**Part 4:** **Treatment of Fees and Priority Claims**

**4.1 General.**

Trustee's fees and all allowed priority claims, including Domestic Support Obligations other than those treated in Section 4.5, will be paid in full without postpetition interest.

**4.2 Trustee's fees.**

Trustee's fees are governed by statute and may change during the course of the case. The trustee shall compute the trustee's percentage fees and publish the prevailing rates on the court's website for the prior five years. It is incumbent upon the debtor(s)' attorney or debtor (if *pro se*) and the trustee to monitor any change in the percentage fees to insure that the plan is adequately funded.

**4.3 Attorney's fees.**

Attorney's fees are payable to Gary W. Short in addition to a retainer of $1`26.60 (of which $_____ was a payment to reimburse costs advanced and/or a no-look costs deposit) already paid by or on behalf of the debtor, the amount of $4,8873.40 is to be paid at the rate of $194 per month then increased to $575 after GM Financial lease is paid off.. Including any retainer paid, a total of $_____ in fees and costs reimbursement has been approved by the court to date, based on a combination of the no-look fee and costs deposit and previously approved application(s) for compensation above the no-look fee. An additional $_____ will be sought through a fee application to be filed and approved before any additional amount will be paid through the plan, and this plan contains sufficient funding to pay that additional amount, without diminishing the amounts required to be paid under this plan to holders of allowed unsecured claims.

/__/ Check here if a no-look fee in the amount provided for in Local Bankruptcy Rule 9020-7(c) is being requested for services rendered to the debtor(s) through participation in the bankruptcy court's Loss Mitigation Program (do not include the no-look fee in the total amount of compensation requested, above).

**4.4  Priority claims not treated elsewhere in Part 4.**

**/X_/ None. If "none is checked, the rest of Section 4.4 need not be completed or reproduced.**

| Name of creditor | Total amount of claim | Interest rate (0% if blank) | Statute providing priority status |
|---|---|---|---|
| **None.** | | | |

**4.5  Priority Domestic Support Obligations not assigned or owed to a governmental unit.**

If the debtor(s) is/are currently paying Domestic Support Obligations through existing state court order(s) and leaves this section blank, the debtor(s) expressly agrees to continue paying and remain current on all Domestic Support Obligations through existing state court orders.

/__/    Check here if this payment is for pre-petition arrears only.

| Name of creditor (specify actual payee, e.g. PA SCDU) | Description | Claim | Monthly payment or pro rata |
|---|---|---|---|
| **None.** | | | |

**4.6  Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount.**

**Check one.**

| /X/ None. | If "None" is checked, the rest of Section 4.6 need not be completed or reproduced. |

**4.7  Priority unsecured tax claims paid in full**

| Name of taxing authority | Total amount of claim | Type of tax | Interest rate (0% if blank) | Tax periods |
|---|---|---|---|---|
| None. | | | | |

### Part 5:  Treatment of Nonpriority Unsecured Claims

**5.1   Nonpriority unsecured claims not separately classified.**

Debtor(s) *ESTIMATE(S)* that a total of $9,655 will be available for distribution to nonpriority unsecured creditors.

Debtor(s) *ACKNOWLEDGE(S)* that a *MINIMUM* of $0 shall be paid to nonpriority unsecured creditors to comply with the liquidation alternative test for confirmation set forth in 11 U.S.C. § 1325(a)(4).

The total pool of funds estimated above is *NOT* the *MAXIMUM* amount payable to this class of creditors. Instead, the actual pool of funds available for payment to these creditors under the plan base will be determined only after audit of the plan at time of completion. The estimated percentage of payment to general unsecured creditors is 10.3%. The percentage of payment may change, based upon the total amount of allowed claims. Late-filed claims will not be paid unless all timely filed claims have been paid in full. Thereafter, all late-filed claims will be paid pro-rata unless an objection has been filed within thirty (30) days of filing the claim. Creditors not specifically identified elsewhere in this plan are included in this class.

**5.2  Maintenance of payments and cure of any default on nonpriority unsecured claims.**

**Check one.**

| /X/ None. | If "None" is checked, the rest of Section 5.2 need not be completed or reproduced. |

**5.3    Post-petition utility monthly payments.**

**The provisions of Section 5.3 are available only if the utility provider has agreed to this treatment.** These payments comprise a single monthly combined payment for postpetition utility services, any postpetition delinquencies, and unpaid security deposits. The claim payment will not change for the life of the plan. Should the utility obtain an order authorizing a payment change, the debtor(s) will be required to file an amended plan. These payments may not resolve all of the postpetition claims of the utility. The utility may require additional funds from the debtor(s) after discharge.

| Name of creditor | Monthly payment | Post-petition account number |
|---|---|---|
| None. | | |

**5.4  Other separately classified nonpriority unsecured claims.**

Check one

| /__/ None. | If "None" is checked, the rest of Section 5.4 need not be completed or reproduced. |

### Part 6:  Executory Contracts and Unexpired Leases

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**

Check one.

| /X/ None. | If "None" is checked, the rest of Section 6.1 need not be completed or reproduced. |

### Part 7:  Vesting of Property of the Estate

7.1  Property of the estate shall not re-vest in the debtor(s) until the debtor(s) have completed all payments under the confirmed plan.

| Part 8: | General Principles Applicable to All Chapter 13 Plans |
|---|---|

**8.1** This is the voluntary chapter 13 reorganization plan of the debtor(s). The debtor(s) understand and agree(s) that the chapter 13 plan may be extended as necessary by the trustee (up to any period permitted by applicable law) to insure that the goals of the plan have been achieved. Notwithstanding any statement by the trustee's office concerning amounts needed to fund a plan, the adequacy of plan funding in order to meet the plan goals remains the sole responsibility of debtor(s) and debtor(s)' attorney. It shall be the responsibility of the debtor(s) and debtor(s)' attorney to monitor the plan in order to ensure that the plan remains adequately funded during its entire term.

**8.2** Prior to the meeting of creditors, the debtor(s) shall comply with the tax return filing requirements of 11 U.S.C § 1308 and provide the trustee with documentation of such compliance by the time of the meeting. Debtor(s)' attorney or debtor(s) (if *pro se*) shall provide the trustee with the information needed for the trustee to comply with the requirements of 11 U.S.C. § 1302 as to the notification to be given to Domestic Support Obligation creditors, and debtor(s)' attorney or debtor(s) (if *pro se*) shall provide the trustee with the calculations relied upon to determine the debtor(s)' current monthly income and disposable income.

**8.3** The debtor(s) shall have a duty to inform the trustee of any assets acquired while the chapter 13 case is pending, such as insurance proceeds, recovery on any lawsuit or claims for personal injury or property damage, lottery winnings, or inheritances. The debtor(s) must obtain prior court approval before entering into any postpetition financing or borrowing of any kind, and before selling any assets.

**8.4** Unless otherwise stated in this plan or permitted by a court order, all claims or debts provided for by the plan to receive a distribution shall be paid by and through the trustee.

**8.5** Percentage fees to the trustee are paid on receipts of plan payments at the rate fixed by the United States Trustee. The trustee has the discretion to adjust, interpret, and implement the distribution schedule to carry out the plan, provided that, to the extent the trustee seeks a material modification of this plan or its contemplated distribution schedule, the trustee must seek and obtain prior authorization of the court. The trustee shall follow this standard plan form sequence unless otherwise ordered by the court:
Level One:     Unpaid filing fees.
Level Two:     Secured claims and lease payments entitled to 11 U.S.C. § 1326(a)(1)(C) pre-confirmation adequate protection payments. Level Three: Monthly ongoing mortgage payments, ongoing vehicle and lease payments, installments on professional fees, and postpetition utility claims.
Level Four:    Priority Domestic Support Obligations.
Level Five:    Mortgage arrears, secured taxes, rental arrears, vehicle payment arrears.
Level Six:     All remaining secured, priority and specially classified claims, and miscellaneous secured arrears.
Level Seven:   Allowed nonpriority unsecured claims.
Level Eight:   Untimely filed nonpriority unsecured claims for which an objection has not been filed.

**8.6** As a condition to the debtor(s)' eligibility to receive a discharge upon successful completion of the plan, debtor(s)' attorney or debtor(s) (if *pro se*) shall file Local Bankruptcy Form 24 (Debtor's Certification of Discharge Eligibility) with the court within forty-five (45) days after making the final plan payment.

**8.7** The provisions for payment to secured, priority, and specially classified unsecured creditors in this plan shall constitute claims in accordance with Bankruptcy Rule 3004. Proofs of claim by the trustee will not be required. In the absence of a contrary timely filed proof of claim, the amounts stated in the plan for each claim are controlling. The clerk shall be entitled to rely on the accuracy of the information contained in this plan with regard to each claim. Unless otherwise ordered by the court, if a secured, priority, or specially classified creditor timely files its own claim, then the creditor's claim shall govern, provided the debtor(s) and debtor(s)' attorney have been given notice and an opportunity to object. The trustee is authorized, without prior notice, to pay claims exceeding the amount provided in the plan by not more than $250.

**8.8** Any creditor whose secured claim is not modified by this plan and subsequent order of court shall retain its lien.

**8.9** Any creditor whose secured claim is modified or whose lien is reduced by the plan shall retain its lien until the underlying debt is discharged under 11 U.S.C. § 1328 or until it has been paid the full amount to which it is entitled under applicable nonbankruptcy law, whichever occurs earlier. Upon payment in accordance with these terms and entry of a discharge order, the modified lien will terminate and be released. The creditor shall promptly cause all mortgages, liens, and security interests encumbering the collateral to be satisfied, discharged, and released.

**8.10** The provisions of Sections 8.8 and 8.9 will also apply to allowed secured, priority, and specially classified unsecured claims filed after the bar date. ***LATE-FILED CLAIMS NOT PROPERLY SERVED ON THE TRUSTEE AND THE DEBTOR(S)' ATTORNEY OR DEBTOR(S) (IF PRO SE) WILL NOT BE PAID***. The responsibility for reviewing the claims and objecting where appropriate is placed upon the debtor(s).

| Part 9: | **Nonstandard Plan Provisions** |
|---|---|

**9.1 Check "None" or List Nonstandard Plan Provisions.**

Debtor(s)_____ Case number____ PAWB Form 10 (12/17)

| /_X_/ None | If "None" is checked, the rest of Part 9 need not be completed or reproduced. |

**Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Local Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.** *The following plan provisions will be effective only if the applicable box in Part 1 is checked. Any provision set forth herein is subject to court approval after notice and a hearing upon the filing of an appropriate motion.*

**Part 10:    Signatures**

**10.1  Signatures of Debtor(s) and Debtor(s)' Attorney.**

If the debtor(s) do not have an attorney, the debtor(s) must sign below; otherwise the debtor(s)' signatures are optional. The attorney for the debtor(s), if any, must sign below.

By signing this plan the undersigned, as debtor(s)' attorney or the debtor(s) (if pro se), certify(ies) that I/we have reviewed any prior confirmed plan(s),order(s) confirming prior plan(s), proofs of claim filed with the court by creditors, and any orders of court affecting the amount(s) or treatment of any creditor claims, and except as modified herein, this proposed plan conforms to and is consistent with all such prior plans, orders, and claims. False certifications shall subject the signatories to sanctions under Bankruptcy Rule 9011.

**By filing this document, debtor(s)' attorney or the debtor(s) (if pro se), also certify(ies) that the wording and order of the provisions in this chapter 13 plan are identical to those contained in the standard chapter 13 plan form adopted for use by the United States Bankruptcy Court for the Western District of Pennsylvania, other than any nonstandard provisions included in Part 9. It is further acknowledged that any deviation from the standard plan form shall not become operative unless it is specifically identified as "nonstandard" terms and are approved by the court in a separate order.**

X /s/ Willaim A. Driscoll, Jr.                          X /s/ Nicole M. Driscoll
Signature of Debtor 1                                   Signature of Debtor 2
Executed on 12/03/2018_____                        Executed on 12/03/2018
(MM / DD / YYYY)                                        (MM / DD / YYYY)
X /s/ Gary W. Short_____                   Date 12/03, 2018
Signature of debtor(s)' attorney                        (MM / DD / YYYY)

United States Bankruptcy Court
Western District of Pennsylvania

In re:                                                              Case No. 18-24397-CMB
William A. Driscoll, Jr.                                            Chapter 13
Nicole M. Driscoll
     Debtors

# CERTIFICATE OF NOTICE

District/off: 0315-2          User: mgut          Page 1 of 2          Date Rcvd: Dec 04, 2018
                              Form ID: pdf900    Total Noticed: 41

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 06, 2018.
```
db/jdb         +William A. Driscoll, Jr.,    Nicole M. Driscoll,    717 Kilbuck Drive,
                 Cranberry Twp, PA 16066-6840
14946383       +Allegent Community Fcu,    1001 Liberty Ave Ste 100,    Pittsburgh, PA 15222-3715
14946385       +AmeriCredit/GM Financial,    Attn: Bankruptcy,    Po Box 183853,    Arlington, TX 76096-3853
14946386      ++BANK OF AMERICA,    PO BOX 982238,    EL PASO TX 79998-2238
               (address filed with court: Bank Of America,    Attn: Bankruptcy,    Po Box 982238,
                 El Paso, TX 79998)
14946395      ++COLUMBIA GAS,    290 W NATIONWIDE BLVD 5TH FL,    BANKRUPTCY DEPARTMENT,    COLUMBUS OH 43215-4157
               (address filed with court: Columbia Gas Company,    POB 742537,    Cincinnati, OH 45274-2537)
14946388       +Chase Card Services,    Correspondence Dept,    Po Box 15298,    Wilmington, DE 19850-5298
14946389       +Chase Mortgage,    Attn: Case Research & Bankruptcy,    Po Box 24696,    Columbus, OH 43224-0696
14946393       +CitiFinancial,    Attn: Bankruptcy,    605 Munn Rd,    Fort Mill, SC 29715-8421
14946390       +Citibank/Sears,    Centralized Bankruptcy,    Po Box 790034,    St Louis, MO 63179-0034
14946391       +Citibank/The Home Depot,    Attn: Recovery/Centralized Bankruptcy,    Po Box 790034,
                 St Louis, MO 63179-0034
14946392       +Citicards,    Citicorp Credit Services/Attn: Centraliz,    Po Box 790040,
                 Saint Louis, MO 63179-0040
14946394       +Citizens Bank,    Attn: Bankruptcy,    1 Citizens Dr,    Riverside, RI 02915-3000
14946396       +Cranberry Township,    POB 6075,    Hermitage, PA 16148-1075
14946397      ++DELL FINANCIAL SERVICES,    P O BOX 81577,    AUSTIN TX 78708-1577
               (address filed with court: Dell Financial Services LLC,    Attn: President/CEO,    Po Box 81577,
                 Austin, TX 78708)
14946399       +Dovenmuehle/Plaza Home Mtg,    Attn: Bankruptcy,    1 Corporate Dr Ste 360,
                 Lake Zurich, IL 60047-8945
14946402       +Lincoln Automotive Financial Service,    Attn: Bankruptcy,    Po Box 542000,
                 Omaha, NE 68154-8000
14946404       +Pennymac Loan Services,    Attn: Bankruptcy,    Po Box 514387,    Los Angeles, CA 90051-4387
14946405       +Santander Consumer USA,    Attn: Bankruptcy,    Po Box 961245,    Fort Worth, TX 76161-0244
14946407       +Sears,    701 East 60th Street North,    Sioux Falls, SD 57104-0432
14946408       +Sheetz,    POB 2557,    Omaha, NE 68103-2557
14946409       +Sheridan Anesthesia,    POB 744422,    Atlanta, GA 30374-4422
14946410       +Southwest,    POB 1423,    Charlotte, NC 28201-1423
14946415        Target,    Target Card Services,    Mail Stop NCB-0461,    Minneapolis, MN 55440
14946417       +US Dept of Education,    Attn: Bankruptcy,    Po Box 16448,    Saint Paul, MN 55116-0448
14946418       +US Deptartment of Education/Great Lakes,    Attn: Bankruptcy,    Po Box 7860,
                 Madison, WI 53707-7860
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
cr             +E-mail/Text: kburkley@bernsteinlaw.com Dec 05 2018 03:01:13      Duquesne Light Company,
                 c/o Bernstein-Burkley, P.C.,    707 Grant Street, Suite 2200, Gulf Tower,
                 Pittsburgh, PA 15219-1945
14946384       +E-mail/Text: ally@ebn.phinsolutions.com Dec 05 2018 02:58:44      Ally Financial,
                 Attn: Bankruptcy Dept,    Po Box 380901,    Bloomington, MN 55438-0901
14946387       +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Dec 05 2018 03:05:17      Capital One,
                 Attn: Bankruptcy,    Po Box 30285,    Salt Lake City, UT 84130-0285
14950059        E-mail/Text: mrdiscen@discover.com Dec 05 2018 03:00:23      Discover Bank,
                 Discover Products Inc,    PO Box 3025,    New Albany, OH  43054-3025
14946398       +E-mail/Text: mrdiscen@discover.com Dec 05 2018 03:00:23      Discover Financial,    Po Box 3025,
                 New Albany, OH 43054-3025
14949564       +E-mail/Text: Hcabankruptcy-courtnotices@hcamerica.com Dec 05 2018 03:01:14
                 Hyundai Lease Titling Trust,    PO Box 20809,    Fountain Valley, CA 92728-0809
14946400       +E-mail/Text: Hcabankruptcy-courtnotices@hcamerica.com Dec 05 2018 03:01:14
                 Hyundai Motor Finance,    Attn: Bankruptcy,    Po Box 20809,    Fountain Valley, CA 92728-0809
14946401       +E-mail/Text: bnckohlsnotices@becket-lee.com Dec 05 2018 03:00:27      Kohls/Capital One,
                 Kohls Credit,    Po Box 3120,    Milwaukee, WI 53201-3120
14946994       +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Dec 05 2018 03:05:26
                 PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
14946403        E-mail/Text: bankruptcy@firstenergycorp.com Dec 05 2018 03:00:53      Penn Power,    PO Box 3687,
                 Akron, OH 44309-3687
14946411       +E-mail/PDF: gecsedi@recoverycorp.com Dec 05 2018 03:52:27      Syncb/Toys R Us,
                 Attn: Bankruptcy,    Po Box 965060,    Orlando, FL 32896-5060
14946412       +E-mail/PDF: gecsedi@recoverycorp.com Dec 05 2018 03:52:52      Synchrony Bank/ JC Penneys,
                 Attn: Bankruptcy Dept,    Po Box 965060,    Orlando, FL 32896-5060
14946413       +E-mail/PDF: gecsedi@recoverycorp.com Dec 05 2018 03:53:07      Synchrony Bank/ Old Navy,
                 Attn: Bankruptcy Dept,    Po Box 965060,    Orlando, FL 32896-5060
14946414       +E-mail/PDF: gecsedi@recoverycorp.com Dec 05 2018 03:51:53      Synchrony Bank/Dillards Dc,
                 Attn: Bankruptcy,    Po Box 965060,    Orlando, FL 32896-5060
14946416       +E-mail/Text: billingdept@gihealth.com Dec 05 2018 03:00:48      Three Rivers Endoscopy,
                 725 Cherrignton Parkway #101,    Coraopolis, PA 15108-4318
14946419       +E-mail/Text: wfmelectronicbankruptcynotifications@verizonwireless.com Dec 05 2018 02:58:39
                 Verizon,    Verizon Wireless Bk Admin,    500 Technology Dr Ste 550,
                 Weldon Springs, MO 63304-2225
                                                                                              TOTAL: 16
```

```
District/off: 0315-2           User: mgut                  Page 2 of 2                  Date Rcvd: Dec 04, 2018
                               Form ID: pdf900             Total Noticed: 41


              ***** BYPASSED RECIPIENTS (continued) *****

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr              BAYVIEW LOAN SERVICING, LLC
cr              PENNYMAC LOAN SERVICES, LLC
cr*            +PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
14946406*      +Santander Consumer USA Inc.,    Attn: Bankruptcy,    Po Box 961245,    Fort Worth, TX 76161-0244
                                                                                      TOTALS: 2, * 2, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 06, 2018                                        Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on December 3, 2018 at the address(es) listed below:
              Gary William Short    on behalf of Joint Debtor Nicole M. Driscoll garyshortlegal@gmail.com,
               gwshort@verizon.net
              Gary William Short    on behalf of Debtor William A. Driscoll, Jr. garyshortlegal@gmail.com,
               gwshort@verizon.net
              James Warmbrodt     on behalf of Creditor   BAYVIEW LOAN SERVICING, LLC bkgroup@kmllawgroup.com
              Keri P. Ebeck    on behalf of Creditor   Duquesne Light Company kebeck@bernsteinlaw.com,
               DMcKay@bernsteinlaw.com
              Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
              Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
              Thomas Song    on behalf of Creditor   PENNYMAC LOAN SERVICES, LLC pawb@fedphe.com
                                                                                             TOTAL: 7
```